UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:08CV-00011-JHM

THE ESTATE OF JESSE L. GRIFFIN
and
THE ESTATE OF OTIS L. GRIFFIN                              PLAINTIFFS

V.

JPMORGAN CHASE
d/b/a CHASE                                                DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon a Motion to Remand by Plaintiffs asking the Court to remand this case to McLean County Circuit Court [DN 12]. For the following reasons, Plaintiffs' Motion to Remand is **DENIED.**

## BACKGROUND

On January 16, 2008, Plaintiffs filed suit against the Defendant in McLean County Circuit Court. The Complaint set forth claims for breach of contract and conversion. The Complaint alleged that Plaintiffs invested in two certificates of deposit with Defendant's predecessor, Citizen State Bank. The Plaintiffs seek compensatory damages in the amount of principle ($25,000.00) and interest ($31,344.48) owed on the two certificates of deposit, as well as punitive damages for conversion. On or about February 1, 2008, The Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441(a). The Plaintiffs now bring a Motion to Remand the case back to McLean County Circuit court.

-1-

## DISCUSSION

Removal to federal court from state court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). District courts have original jurisdiction of "civil actions where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between...citizens of different states." 28 U.S.C. § 1332(a).

The defendant has the burden of proving that removal is proper. Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868, 871 (6th Cir. 2000). Where the plaintiff seeks to recover "some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement," the defendant must prove that by a "preponderance of the evidence," that the plaintiff's claims meet the federal amount-in-controversy requirement. Gafford v. Gen. Elec. Co., 997 F.2d 150, 158 (6th Cir. 1993). To determine if the defendant met the burden, a court must first look to the complaint. Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 573 (6th Cir. 2001). "If the complaint is not dispositive, a court looks to the allegations in the notice of removal. The party requesting removal must set forth, in the notice of removal, specific facts supporting the assertion that the amount in controversy exceeds the amount required by statute." National Nail Corp. v. Moore 139 F.Supp.2d 848, 849 (W.D. Mich. 2001); see Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995); see also Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992) (holding that the party requesting removal must set forth, in the notice of removal itself, facts supporting the assertion that the claim exceeds the statutory amount). Further, claims for punitive damages should be

included in the amount-in-controversy, "unless it is apparent to a legal certainty that such cannot be recovered." Hayes, 266 F.3d at 572.

In the instant case, the Complaint demands payment of the amount allegedly owed to Plaintiffs, $56,444.48, and punitive damages. The Court finds that the interest allegedly earned on the certificates of deposit and sought in the complaint should be included in determining the amount in controversy. Furthermore, it is likely that if punitive damages were awarded in this case, the total award would exceed $75,000.

Therefore, the Court concludes that the Defendant has met its burden of proving, "by a preponderance of the evidence," that the Plaintiffs' claims meet the $75,000 amount in controversy requirement of 28 U.S.C. § 1332(a). .

## CONCLUSION

For the foregoing reasons, the Plaintiffs' Motion to Remand [DN 12] is **DENIED.**

cc: Counsel of Record